**James M. LEWIS, Petitioner,**

v.

**UNITED STATES MARINE CORPS, DEPARTMENT OF the NAVY, Respondent,**

and

**Merit Systems Protection Board, Intervenor/Respondent.**

**No. 81–1746.**

United States Court of Appeals, Eighth Circuit.

Submitted March 8, 1982.

Decided March 31, 1982.

Desselle & White, H. Kent Desselle, Independence, Mo., for petitioner.

J. Paul McGrath, Asst. Atty. Gen., William Kanter, Douglas Letter, Attys., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for respondent.

Before HEANEY, BRIGHT and HENLEY, Circuit Judges.

HEANEY, Circuit Judge. ·

James M. Lewis appeals an order of the Merit Systems Protection Board denying his motion for attorney's fees in his action against the United States Marine Corps and Department of Navy. We affirm the order of the Board.

This case arose from a challenge by Lewis to his removal from his position as a housing maintenance inspector for the United States Marine Corps Finance Center. In May, 1979, the Marine Corps Commanding Officer discharged Lewis. The removal was based on the charge that Lewis neglected his duty and endangered lives and property by failing to respond properly to a gas leak reported on December 5, 1978, by an occupant of one of the housing units under his responsibility. Although the leak was reported at 11:00 a. m., the necessary repairs were not made until 4:00 p. m. Lewis disputed the charge, claiming that he had promptly reported the leak to the maintenance contractor and that he was not responsible for the subsequent failure to investigate and resolve the problem.

Pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. § 7701(a), Lewis appealed his termination to the Board. On July 19, 1979, the administrative law judge (ALJ) presiding affirmed the Marine Corps' removal of Lewis.

Lewis filed a petition to review the ALJ's decision, which was granted in September, 1980. The Board remanded the case for further consideration because the administrative record did not include the office procedures Lewis allegedly violated and certain records prepared by a secretary in Lewis's office.

On remand, a second administrative law judge found that the Marine Corps did not establish its charges against Lewis by a preponderance of the evidence. Consequently, the ALJ ordered that Lewis be reinstated to his former position and that he be compensated for his lost wages and benefits.

Following this determination, Lewis sought an award of attorney's fees as provided for by the Civil Service Reform Act 5 U.S.C.A. § 7701(g)(1). Lewis asked for an award of $15,000 based on a contingency fee agreement with his attorney of one-third of the gross settlement, expected to total $45,000. The Marine Corps opposed any award of fees and further disputed that $15,000 was a reasonable sum.

The ALJ denied the fee request in a decision issued in May, 1981. When no petition for review to the Board was filed, this denial became the Board's final decision pursuant to 5 U.S.C. § 7703(b)(1). Lewis then petitioned this Court for review of the denial of attorney's fees. ·

■ The Civil Service Reform Act, 5 U.S.C. § 7701(g)(1), provides that the Board may require the payment of reasonable attorney's fees incurred by an employee who prevails against the agency under the Act. To recover attorney's fees, the employee must be the "prevailing party" *and* the award of fees must be "warranted in the interest of justice." *Id.* The employee has the burden of establishing both requirements, and the Board is accorded substan-

tial discretion in determining when an award is appropriate. *Allen v. United States Postal Service*, 2 M.S.P.B. 582, 586–588 (1980).

There is no question that Lewis is the prevailing party here. The administrative law judge denied Lewis's request for attorney's fees, however, because he concluded that "the interest of justice does not warrant an award of attorney fees." This decision to deny fees must be sustained unless it is arbitrary or capricious, or an abuse of discretion. 5 U.S.C. § 7703(c).

In *Allen v. United States Postal Service, supra,* 2 M.S.P.B. at 593, the Board thoroughly reviewed the language, legislative history, and purpose of 5 U.S.C. § 7701(g)(1). It established the following guidelines which suggest circumstances where an award of attorney's fees is "warranted in the interest of justice:"

1. Where the agency engaged in a "prohibited personnel practice" (§ 7701(g)(1));

2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;

3. Where the agency initiated the action against the employee in "bad faith," including:

a. Where the agency's action was brought to "harass" the employee;

b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";

4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;

5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding. [Footnotes omitted.]

The Board's guidelines are reasonable and consistent with the Act's language and history. Thus, they are entitled to the judicial deference generally accorded to interpretations made by an agency charged with administering a statute. *E.g., Kyle v. I.C.C.,* 609 F.2d 540, 542–543 (D.C.Cir.1979); Davis, Administrative Law, § 7:13 at 59–64 (2d ed. 1979).

The Marine Corps' actions here do not fall within any of the Board's guidelines for awarding attorney's fees. Guidelines 1, 3 and 5 are clearly not applicable. The Marine Corps removed Lewis because it believed that he did not respond adequately to a gas leak in an occupied dwelling. Accordingly, the agency did not engage in a personnel practice prohibited by 5 U.S.C. § 2302(b). Furthermore, the second ALJ expressly found that the Marine Corps was not harassing Lewis or acting in bad faith. Lewis does not dispute this finding on appeal, nor is there any evidence in the record to contradict it. Lewis also has made no allegation that the agency ever committed any gross procedural error.

Moreover, the Marine Corps' termination does not fall within guidelines 2 and 5. The record indicates that the Marine Corps had reasonable support for its belief that Lewis failed to properly respond to the telephone call regarding a gas leak. The evidence showed that a housing occupant reported a gas leak at 11:00 a. m., that a work authorization signed by Lewis at that time and for that residence was later found on Lewis's desk, and that the maintenance contractor did not receive a work order to repair the gas leak until 4:00 p. m. This evidence obviously is not conclusive of the issue of whether or not Lewis failed to act promptly. It does, however, create a close question, as illustrated by the fact that the first ALJ hearing Lewis's appeal from his termination found in favor of the Marine Corps. Moreover, the second ALJ expressly found that even though the Marine Corps had not justified its removal of Lewis by a preponderance of the evidence, its charges were not "clearly without merit." We agree.

Thus, none of the circumstances considered by the Board to indicate that the "interest of Justice" will be served by an award of fees are present here. Therefore, the Board's refusal to grant attorney's fees here was not an abuse of discretion unless Lewis can point to other considerations

which satisfy the statutory "interest of justice" requirement. Lewis's only argument below and in his brief on appeal was that he, as the prevailing party, should not have to bear the expense of establishing that his removal was unfounded.

This argument is nothing more than an assertion that he is entitled to attorney's fees because he is the prevailing party. The "interest of justice" requirement of section 7701(g)(1), however, is independent of and in addition to the statute's prevailing party requirement. Lewis has advanced no reason showing that the "interest of justice" warrants an award of fees here. Consequently, the Board's decision was not arbitrary or capricious, or an abuse of discretion. Because Lewis is not entitled to any attorney's fees, we need not address the issue of whether or not the $15,000 he requested was a reasonable amount as required by the Act.

We have one remaining issue to consider. At oral argument on appeal, Lewis for the first time contended that he was entitled to attorney's fees not only because he was the prevailing party, but also because the Marine Corps did not make an adequate investigation prior to removing him and did not give him an opportunity to explain his actions regarding the gas leak in question.[1] If this theory had been presented below and found to have merit, we would have a different case. But Lewis did not present that claim there and, thus, we will not consider it for the first time on appeal. *Skogen v. Dow Chemical Co.*, 375 F.2d 692, 702 (8th Cir. 1967).

For the foregoing reasons, the Board's order is affirmed.

---

1. The record contradicts Lewis's assertion that he did not have an opportunity to respond to the charges against him. The decision of the first ALJ explicitly stated that prior to his termination, Lewis, through his designated representative, submitted a written reply to the proposal to remove him. In this reply, Lewis explained that he had promptly given a completed work authorization for the gas leak to a maintenance contractor and that if the contractor failed to carry through on the work authorization, it was not Lewis's responsibility. Moreover, Lewis waived his right to a post-termination oral hearing, at which time he would have been given a further opportunity to present his case.