**Jerome YORKSHIRE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 84–896.**

United States Court of Appeals, Federal Circuit.

Oct. 29, 1984.

Peter B. Broida, Washington, D.C., argued for petitioner.

Robert A. Reutershan, Washington, D.C., argued for respondent.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, Asst. Director and Joseph T. Casey, Jr., Washington, D.C., were on the brief for respondent.

Before DAVIS, BENNETT and MILLER, Circuit Judges.

DAVIS, Circuit Judge.

Petitioner Jerome Yorkshire successfully appealed a removal decision of his employer, the Veterans Administration (VA) (MSPB Doc. No. DC0752811216). Following the Merit Systems Protection Board's favorable decision on the merits, petitioner moved for an award of attorney's fees under the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1) (1982) (Reform Act), and corresponding Board regulations, 5 C.F.R. § 1201.37(a) (1984). The Board denied petitioner's motion, and he now seeks review in this court. Because attorney's fees in this case are, in the words of the statute, "warranted in the interest of justice," we reverse the decision of the Board and remand for further proceedings on the amount of the award.

## I

Petitioner is a nursing assistant at a VA hospital in Washington, D.C. In March 1982 the VA removed petitioner from government service, alleging that he had physically and verbally abused a patient in his care. The patient, William Young, suffered from brain damage and semi-paralysis. Mr. Young was occasionally violent to the point where he required restraints.

The VA charged petitioner with three separate instances of misconduct. The first two charges alleged that, on separate occasions, petitioner struck Mr. Young. The VA also alleged that, during the second episode, petitioner called Mr. Young "white boy."

After a Board hearing before Presiding Official Stephanie Marks, it was held that the VA failed to prove any of its charges. To substantiate its first charge, the VA presented the testimony of Neil Hadley, Mr. Young's hospital roommate. At first, Mr. Hadley's testimony was unclear as to whether he had actually seen petitioner strike Mr. Young.[1] When questioned by the presiding official, however, Mr. Hadley stated definitively that he did not see petitioner strike Mr. Young, but only heard a slapping noise which he assumed was the sound of petitioner striking the patient. Petitioner explained the slapping sound by demonstrating that, when Mr. Young became violent, the effort to place him in restraints required sharp physical contact. Presiding Official Marks called this "a clear and convincing demonstration."[2]

The VA also introduced notes, written by Mr. Young, stating that he had been hit and that he feared for his life. The notes were largely unintelligible and contradictory. Moreover, they never mentioned petitioner specifically.

In support of the second charge of physical abuse, the presiding official heard the testimony of Nurse Juanita Davis, a co-worker of petitioner.[3] At the time of the hearing, Nurse Davis was under a psychiatrist's care. She was prone to fabricating outlandish tales, e.g., that she was involved in the Watergate scandal. Presiding Official Marks found Nurse Davis' testimony to be self-contradictory, often incoherent, and utterly incredible.

The only evidence regarding the verbal abuse was a statement by Nurse Davis to a VA investigator. The presiding official assigned the investigator's hearsay testimony "little weight."

Presiding Official Marks dismissed all of the charges against petitioner and ordered him reinstated. The VA did not appeal this decision either to the full MSPB or to this court.

Petitioner then presented the Board with a motion for an award of $3,587.09 in attorney's fees. The VA did not initially contest the motion. Prior to a decision, Presiding Official Marks resigned her position with the Board. The motion therefore went before a substitute presiding official, William C. Jenkins.

Presiding Official Jenkins reviewed the record of the hearing on the merits and concluded that petitioner failed to demonstrate proper grounds for an award of attorney's fees. Petitioner sought review by the Board, which the VA then contested. The Board issued an order refusing to review the decision below, stating that it could find no error in Presiding Official Jenkins' reasoning.

---

**1.** Initially, Mr. Hadley stated that he had a "very clear view" of the entire incident. At the hearing, petitioner objected when counsel for the VA asked if Mr. Hadley actually saw petitioner hit Mr. Young. Counsel for the VA then moved to another topic without receiving a direct answer.

**2.** There was also a report of a pre-hearing statement by Mr. Hadley (prepared by a VA investigator) that petitioner "smacked" Mr. Young. The presiding official assigned "very little weight to it" because it was "double hearsay" and conflicted with Mr. Young's oral testimony at the hearing.

**3.** The VA did not wish to call Nurse Davis as a witness, but the presiding official insisted on hearing her testimony. Presiding Official Marks refers only to Nurse Davis' testimony in her discussion of the second charge.

## II

Under the Reform Act, the Board

> may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board ... determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit.

5 U.S.C. § 7701(g)(1) (1982). The Board's regulations reiterate the pertinent portions of the statute. 5 C.F.R. § 1201.37(a) (1984). In *Sterner v. Department of the Army*, 711 F.2d 1563, 1565–66 (Fed.Cir. 1983), we ruled that an employee is entitled to attorney's fees under the statute if two prerequisites are established: (1) the employee is a prevailing party on the merits of the case, and (2) the award is warranted in the interest of justice. The Board does not contest here that petitioner prevailed on the merits. The sole issue, therefore, is whether the second prerequisite has been satisfied.

The parties correctly cite *Allen v. U.S. Postal Service*, 2 M.S.P.B. 582 (1980), as embodying the MSPB's prevailing standard for interpretation of the "warranted in the interest of justice" part of § 7701(g)(1). *Allen* began with the proposition that the two examples in the statute concerning when an award would be warranted in the interest of justice are illustrative and not exclusive. *Id.* at 587. The Board then reviewed the legislative history of the statute to glean other instances in which an award would be appropriate.

The Board in *Allen* found very illuminating the comments of Senator Mathias, author of the "interest of justice" language and member of the Reform Act's conference committee. Senator Mathias described four situations in which the Board might appropriately award attorney's fees:

> [W]here he [the employee] is substantially innocent of the charges that are leveled against him, or where the agency acted in bad faith, or where there was some gross procedural error, or where the agency knew or should have known that it couldn't prevail on the merits when it brought the proceeding.

*Id.* at 589, *quoting* Transcript of Senate Committee on Governmental Affairs' Markup Session on S. 2640, 95th Cong., 2d Sess. 124–25 (1978). With the statutory examples and Senator Mathias' illustrations as a base, the Board developed a set of five broad categories of cases in which an award of attorney's fees fits within the statutory framework:

1. Where the agency engaged in a "prohibited personnel practice" (§ 7701(g)(1));

2. Where the agency's action was "clearly without merit" (§ 7701(g)(1)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency;

3. Where the agency initiated the action against the employee in "bad faith," including:

   a. Where the agency's action was brought to "harass" the employee;

   b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways";

4. Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee;

5. Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

*Id.* at 593 [footnotes omitted]. The Board dubbed these headings "directional markers toward 'the interest of justice'" rather than conclusive or fixed definitions. *Id.* We confirmed the validity of the *Allen* guidelines in *Sterner, supra,* 711 F.2d at 1570.

The petitioner focuses on category 2 and category 5 to support his request for attorney's fees. The parties' briefs on the standards contained in these categories reveal two points: first, there is confusion as to

the difference between category 2 and category 5; second, a concern exists (particularly on the Board's part) that the substantially innocent standard is merely a restatement of the prerequisite that the employee prevail. We turn to these matters.

Category 5 requires a sensitive evaluation of the agency's original action, *i.e.,* whether the agency "knew or should have known" that it would not prevail on the appeal. In analyzing a request for fees under category 5, therefore, the appropriate procedure is to appraise the agency's decision to carry through the action against the employee. If the agency never possessed trustworthy, admissible evidence, or if the agency was negligent in its conduct of the investigation, then the agency "knew or should have known" not to take the action. Attorney's fees are then warranted in the interest of justice.[4]

Category 2, on the other hand, refers to the result of the case in the Board, not to the evidence and information available prior to the hearing. Because this category encompasses the Board's decision (on the merits) in this particular case, we need not decide whether fees could also be awarded under category 5, *supra.* It is plain that petitioner prevailed on all the charges against him, and that the original presiding official considered (on the basis of the hearing record) that the VA's charges were "wholly unfounded"—based on incredible or unspecific evidence fully countered by appellant.

The Government's arguments and the MSPB's fee decision muddy the waters by seeking to excuse the VA, as if the only fee criteria were contained in category 5. For instance, it is argued that Mr. Hadley's testimony that he had not actually seen petitioner strike Mr. Young caught the VA by surprise. Given Mr. Hadley's want of clarity at the hearing, we have no reason to doubt that conclusion. In addition, the record shows that the presiding official's request to call Nurse Davis was unexpected. But all that is irrelevant under the category 2 standard of "substantial innocence." The end result here was that Mr. Hadley and Nurse Davis failed to corroborate the VA's charges, according to the final decision of the presiding official who heard their testimony.[5]

The Government, in sum, seeks to defend the Board and the VA by pointing out that further agency investigation would not have revealed in advance the surprises in store at the hearing. Petitioner enters this debate with charges that the VA mishandled the investigation.[6] This entire discussion, however, rests on a faulty premise, at least insofar as category 2 is concerned. That aspect of the attorney's fee provision in the Reform Act is not punitive; rather, it is an effort to minimize the burden an unsubstantiated accusation places upon innocent employees. *Sterner, supra,* at 1570. When dealing with the "substantially innocent" standard for award of attorney's fees, the question of an agency's original fault need never arise.

We are told that this definition of the "substantially innocent" standard will lead to an award of attorney's fees for every prevailing employee. As *Allen* makes em-

---

**4.** For example, in *Piper v. Department of Justice,* 4 M.S.P.B. 89, 90 (1980), the Board ruled that the agency should have known it would not prevail on the merits when its only evidence was the inconsistent statements of the employee's co-worker. Similarly, in *Cicero v. U.S. Postal Service,* 4 M.S.P.B. 145, 146 (1980), the Board awarded the employee attorney's fees because, in light of the evidence accumulated by the agency, it "should have known that the demotion of appellant could not be sustained." *See also, Steger v. Defense Invest. Service,* 717 F.2d 1402, 1406–07 (D.C.Cir.1983) (fees awarded when agency failed to investigate exonerating evidence).

**5.** As a practical matter, if the agency possesses no credible evidence prior to the hearing before the Board (category 5), the result of the case will *usually* be in favor of the employee (category 2). Thus, category 5 can merge into category 2. The Board has recognized that the categories overlap. *Allen, supra,* at 592. This may account for the confusion in some of the cases. *See Cicero, supra,* at 146.

**6.** As indicated *supra,* petitioner seeks to recover fees under either category 2 or category 5 (or both).

phatically clear, this is not the law. 2 M.S.P.B. at 587.[7] For one thing, the employee must prevail on substantially all the charges to be found "substantially innocent." In *Sterner*, for example, we affirmed the Board's denial of fees to an employee who confessed to two of the five charges against him and successfully defended the other three—on the ground that he was not "substantially innocent" despite our recognition that the employee prevailed before the Board on every contested charge. 711 F.2d at 1567-68.[8] As we stated in *Sterner*, "[T]he extent of a party's victory is clearly relevant generally to the justice of his cause." *Id.* at 1567.[9]

### III

We now consider the question of whether petitioner was substantially innocent. Of course our review of Board decisions is limited. This court may interfere with a Board decision only upon a conclusion that the decision was an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982).

In his opinion, Presiding Official Jenkins ruled that "the record in this case ... fails to show that appellant was 'substantially innocent' of the charges." Mr. Jenkins felt that "the agency had reasonable support for its belief that appellant had acted as charged." This ruling is erroneous for two reasons.

First, Presiding Official Jenkins considered the evidence accumulated prior to the hearing as support for his conclusion that petitioner was not substantially innocent.[10] He refers, for example to the signed statements of two witnesses, presumably Mr. Hadley and Nurse Davis, that petitioner struck Mr. Young. As explained in Part II *supra*, this evidence is irrelevant under the "substantially innocent" standard, no matter that it may have initially appeared to support the charges.

Second, the substitute presiding official slighted the original presiding official's characterization of the evidence. He apparently gave this rejected evidence more credence than the original presiding official. This was incorrect. The Board should have evaluated petitioner's motion for an award of attorney's fees from the vantage point of the original presiding official. This view comports with the Board's procedure for an award of fees; the decision on the fee motion is an addendum to the decision on the merits and not a reconsideration of the evidence in a new light. Furthermore, the Board has ruled that this addendum should reflect the "insights and reasoning of *the presiding official who heard the case*." *Allen, supra,* at 592 (emphasis added). When that ideal situation is impossible, as here, the substitute presiding official should adopt as much as possible the original's point of view, and certainly the substitute should never recharacterize the evidence in the case con-

---

7. The statute says that an award of attorney's fees is proper if the employee is a prevailing party *and* the award is "warranted in the interest of justice." This indicates that something more than an overall employee victory is necessary.

8. In rebuttal, the Government points to *Lewis v. Department of the Navy*, 674 F.2d 714 (8th Cir. 1982), as a case in which the agency's mere presentation of damaging evidence precluded an award of attorney's fees. *Lewis* is not so simple, however. At the first hearing in *Lewis*, the presiding official ruled in the agency's favor. Lewis prevailed only after a remand from the Board for further consideration. Furthermore, even though he prevailed at the second hearing, the presiding officer found that the agency's charges were not "clearly without merit." 674

F.2d at 716. This in itself distinguishes *Lewis* from the instant case. Therefore, we will not at this time consider petitioner's suggestion, presented at oral argument, that we repudiate *Lewis*.

9. *See also, Allen, supra,* at 593 n. 35: "In making such [an award] determination, the presiding official should examine *the degree of fault* on the employee's part and the existence of any reasonable basis for the agency's action." (Emphasis added.)

10. Presiding Official Jenkins stated: "For the reasons outlined above the record in this case also fails to show that appellant was substantially innocent of the charges." The "reasons" are, however, merely a recapitulation of the discredited evidence.

trary to the position of the original presiding official.

Presiding Official Marks found no evidence supporting any of the charges against petitioner. She stated that Mr. Young's notes were "very suspect" and did not identify appellant. She found "no witness that can testify that this alleged incident occurred." The only witness to the second slapping incident was "not credible and [her testimony] should be given no weight." The agency's evidence regarding the verbal abuse charge was hearsay and "entitled to little weight."[11] In a word, the VA presented no credible evidence that petitioner engaged in any misconduct. By any reading of Presiding Official Marks' opinion, petitioner was substantially innocent of the charges brought against him.

## IV

The decision of the Board in this case is contrary to law. The original presiding official ruled that the agency presented no credible, probative evidence to support any of the charges. Petitioner was, therefore, "substantially innocent," and the attorney's fees are "warranted in the interest of justice." Because the parties did not raise the issue of whether the petitioner's request for $3,587.09 was reasonable in amount, we remand the case to the Board for further proceedings on the amount of the fee allowance.

*Reversed and Remanded.*

11. In *Hoska v. Department of the Army*, 677 F.2d 131, 141 (D.C.Cir.1982), the court ruled that such uncorroborated, questionable hearsay could not, in itself, support a charge of misconduct.