James E. YOUNG, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

Appeal No. 85–2309.

United States Court of Appeals, Federal Circuit.

Nov. 6, 1985.

James E. Young, Knoxville, Tenn., submitted pro se.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, David C. Kane, Reviewer for Litigation and Paul G. Streb, Merit Systems Protection Board, Washington, D.C., submitted for respondent.

Before MARKEY, Chief Judge, and FRIEDMAN and BENNETT, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is a petition to review the decision of the Merit Systems Protection Board (Board) denying the petitioner's motion for attorney fees. We affirm.

I

A. In 1982, the petitioner appealed to the Board the actions of the Department of Energy (Department) (a) denying him a within-grade pay increase, and (b) removing him for unsatisfactory performance. The petitioner alleged that those actions were motivated by racial discrimination. The petitioner then filed with the Department a discrimination complaint covering both actions and withdrew his allegations of discrimination from his appeals to the Board.

In July 1983, the Board's presiding official (a) upheld the denial of the within-grade increase, and (b) sustained in whole or in part six of the ten charges of unsatisfactory performance. The presiding official, however, concluded that the penalty of removal for the charges he sustained would have been unreasonable and mitigated the penalty to a one-grade demotion. Both the petitioner and the government petitioned for review of the initial decision by the Board.

In December 1983, while those appeals were pending, the Department sustained the petitioner's discrimination claim. The Department, acting through the Director of its Office of Equal Opportunity, concluded that the petitioner's removal "was discrimination based on race (black) and a reprisal action for filing a classification appeal alleging racial disparity" and that the Department's "proffered reason for terminating [the petitioner] is in fact pretextual." The Department reinstated the petitioner to his former (or a comparable) position, awarded him backpay and other benefits he had lost during his period of removal, and deleted from his records the unfavorable

performance appraisals upon which he had been denied the within-grade promotion.

In July 1984, the Board dismissed the petition for review as moot. It rejected the petitioner's contention that "the appeal is not moot because there is a question of whether attorney fees are recoverable on the discrimination claim brought before the agency, and it is not clear whether the agency will pay attorney fees for time expended for the separate proceeding before the Board." It stated that under the Board's regulations "the proper method of requesting such fees" is by filing an application for fees with the Board, which the presiding official would decide.

B. In December 1983, following the Department's decision in the discrimination case, the petitioner filed with the Department a request for attorney fees of $12,514.50, which covered both the discrimination proceedings before the Department and the appeal to the Board. In March 1984, the Department awarded the petitioner attorney fees of $487.50 for the Department proceedings. It held, however, that it had no jurisdiction to award attorney fees for the Board proceedings. It informed the petitioner that if he were dissatisfied with the decision, he could either appeal to the Equal Employment Opportunity Commission or file a suit in the United States District Court. The petitioner took neither action.

In July 1984, following the Board's dismissal of his appeal as moot, the petitioner filed with the Board a petition seeking attorney fees of $12,582. This consisted of the $12,514.50 previously sought from the Department, less the $487.50 the Board had awarded him, plus $555 for the preparation of the request.

The presiding official denied attorney fees, and the Board denied a petition for review. The presiding official held that although the petitioner was the "prevailing party" before the Board, an award of attorney fees would not be "warranted in the interest of justice," which, under 5 U.S.C. § 7701(g)(1) (1982), is the standard that governs the Board's award of attorney fees.

The presiding official found that "[t]he record does not, in any way, show that the relief obtained by the [petitioner] was causally related to the initiation of the appeal to the Board." He held that the Board was not bound by the Department's decision that the disciplinary actions taken against the petitioner resulted from race discrimination—an issue that "had been specifically omitted from the issues before the presiding official." Noting that he had upheld three of the agency's charges against the petitioner in whole and three others in part, the presiding official concluded that the record did not show that the petitioner "was substantially innocent of the charges brought by the agency." The presiding official further found that the Department's disciplinary actions against the petitioner were not "clearly without merit or wholly unfounded," that there was in the record "no evidence of reprisal," and that he could find no basis in the record for concluding that the Department "at the time of its pursuing these matters before the Board" would "know that it would not prevail in the removal action" or "acted in bad faith."

## II

As we have recognized, "the board is given great discretion under section 7701(g)(1) in awarding attorney fees and consequently this court will accord the board's determination great deference." *Sterner v. Department of the Army*, 711 F.2d 1563, 1568 (1983) (footnote omitted). We cannot say the Board abused its discretion or committed other legal error in denying attorney fees.

In deciding the earlier appeal, the Board did not consider the issue of racial discrimination, but reviewed only the Department's determination that the petitioner's performance had been unsatisfactory. The Board sustained, in whole or in part, a majority of the charges upon which the Department's determination of unsatisfactory performance was made. It was in the light of

those rulings that the presiding official considered whether an award of attorney fees would be "warranted in the interest of justice."

In holding that an award would not be so warranted, the presiding official applied the Board's guidelines in *Allen v. United States Postal Service*, 2 M.S.P.B. 582, 2 M.S.P.R. 420 (1980), which we upheld in *Sterner*, 711 F.2d at 1570. Among those guidelines are whether the agency's action was "clearly without merit" or "wholly unfounded," whether the employee was "substantially innocent" of the charges, whether the agency instituted the action against the employee in "bad faith," and whether the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding. *Sterner*, 711 F.2d at 1569, *quoting from Allen, supra*, 2 MSPB at 592–93, 2 M.S.P.R. at 433–35. The presiding official's decision rested upon factual findings on these factors which, we hold, are supported by substantial evidence.

The presiding official also found that the record did not show that the relief petitioner obtained through his discrimination case in the Department was causally related to the Board proceedings. We cannot say that that factual determination was not supported by substantial evidence. The presiding official thus properly applied the Board's settled view that "the relief obtained must be found to be causally related to the initiation of the appeal before fees may be awarded." *Hodnick v. Federal Mediation and Conciliation Service*, 4 M.S.P.B. 431, 434, 4 M.S.P.R. 371, 376 (1980).

The presiding official was not bound by the Department's subsequent decision in the discrimination case or required to disregard his own prior decision because of that later Department ruling. "[T]he decision on [a] fee motion is an addendum to the decision on the merits and not a reconsideration of the evidence in a new light." *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1458 (Fed.Cir.1984). On the record before him, the presiding

official justifiably concluded that an award of attorney fees to the petitioner would not be "warranted in the interest of justice."

The decision of the Board denying the motion for attorney fees is affirmed.

AFFIRMED.