826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael J. BRUNING, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 87-3005
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 Michael J. Bruning appeals from the final order of the Merit Systems Protection Board (Board), Docket No. BN531D86A0011, which denied Bruning's motion for attorney fees. We vacate and remand.
 
 OPINION
 
 2
 Bruning was employed as the Chief, Voluntary Service, of the Veterans Administration Medical Center, Newington, Connecticut. On February 1, 1985, the agency withheld from Bruning a within-grade pay increase based on his poor job performance. Bruning filed a timely appeal with the Board and a hearing on the merits was scheduled for December 11, 1985. On November 27, 1985, agency counsel informed the Board and Bruning that the agency had decided to award Bruning his within-grade increase retroactive to February 3, 1985.
 
 
 3
 In response to the agency's action, the presiding official issued an order asking Bruning to show cause why the appeal should not be dismissed. After reviewing Bruning's response, the presiding official issued an initial decision dismissing the appeal on the ground that the Board lost jurisdiction of the appeal when the agency completely rescinded its prior action.
 
 
 4
 Bruning then moved for attorney fees pursuant to 5 U.S.C. Sec. 7701(g)(i) (1982). Upon receipt of Bruning's motion, the presiding official issued an order indicating that unless the agency raised material issues which required a response, the record would be closed upon receipt of the agency's response and there would be no further argument on the motion. The presiding official denied Bruning's motion in an addendum decision dated April 14, 1986. The presiding official found that Bruning was the prevailing party and considered whether an award of attorney fees was warranted in the interest of justice.
 
 
 5
 In considering this issue, the presiding official recognized that the prevailing party has the burden of establishing his entitlement to fees and that he could carry this burden by demonstrating that the case fell within one or more of the categories discussed in Allen v. United States Postal Service, 2 MSPB 582, 593 (1980). Although Bruning had argued in his memorandum in support of the motion that the agency had engaged in prohibited personnel practices and had violated regulations governing grievance procedures, the presiding official found that Bruning had submitted no evidence to support those allegations. The presiding official noted that the agency argued that Bruning was not substantially innocent of the charges and that Bruning did not contend in his motion that he was substantially innocent of the charges. The presiding official found that attorney fees were not warranted in the interest of justice and denied the motion. The Board issued a final decision denying review.
 
 
 6
 We review the Board's final decision to determine if it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. See 5 U.S.C. Sec. 7703(c) (1982).
 
 
 7
 To recover attorney fees under 5 U.S.C. Sec. 7701(g), a movant must show that he is the prevailing party and that the fees are warranted in the interest of justice. Yorkshire v. Merit Sys. Protection Bd., 746 F.2d 1454, 1456 (1984). This appeal concerns only the later requirement. In Allen v. United States Postal Service, 2 MSPB 582, 593 (1980) the Board described several non-exclusive categories of cases in which the interest of justice might require an award of attorney fees, including cases in which the agency engaged in prohibited personnel practices, the employee was substantially innocent of the charges, or the agency committed gross procedural error.
 
 
 8
 In Allen, the Board also noted that the movant's memorandum in support of the motion for fees should 'set forth all considerations relied upon to demonstrate that the statutory requirements for an award have been met, substantiated by affidavits or other documentary evidence wherever there is a question of fact to be resolved (other than those already litigated on the merits).' Id. at 594. The agency bears a similar burden of supplying evidence to support its opposition to the motion. Id.
 
 
 9
 Upon reviewing the addendum decision we are unable to determine whether the presiding official denied the motion based upon Bruning's failure to submit evidence to support his motion or based upon a determination that Bruning was not substantially innocent. It appears that the presiding official placed substantial weight on the agency's argument that Bruning was not substantially innocent:
 
 
 10
 The agency argued that appellant was not substantially innocent of the charges, but it had merely canceled the within-grade increase denial for economic reasons. The agency pointed to the file to show that appellant was not substantially innocent. Moreover, appellant did not contend in his motion that he was substantially innocent. Further he did not request a hearing to present evidence on any of the Allen criteria.
 
 
 11
 Appendix at A-10(b).
 
 
 12
 This reliance is troubling for two reasons. First, Bruning never raised substantial innocence as a basis for his motion. Second, Bruning never had an opportunity to be heard on the issue of substantial innocence, even though the presiding official's order allowing the agency's response stated: 'Unless the agency raises material issues which need to be disputed by appellant, the record in this case will be closed upon receipt of the agency response.' Appendix at A-8 (emphasis added). Substantial innocence was either immaterial to Bruning's motion, in which case it was not a proper basis for the presiding official's ruling, or it was material, in which case Bruning was entitled to a hearing.
 
 
 13
 It is equally unclear whether the record supports, as the alternative basis for the order, that Bruning failed to submit evidence to support his motion. We have received several conflicting post-argument submissions from the parties. The purpose of these submissions is to demonstrate whether Bruning's trial exhibits were ever submitted to the Board prior to the cancelled hearing on the merits. Apparently, neither party submitted, in connection with the motion for attorney fees, affidavits or documentary evidence relevant to the issue of whether an award of fees was in the interest of justice. Reliance on prior submissions is appropriate only if the documents submitted were in evidence. On the record before us, we cannot determine what documents, if any, were in evidence when the record was closed.
 
 
 14
 Consequently, we vacate the final decision and remand to the Board for such action as is necessary to provide a clear statement of the basis on which the motion for attorney fees was denied.