5 F.3d 1504
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Marleina BERRY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3541.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1993.
 
 Before NIES, Chief Judge, ARCHER and PLAGER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Marleina Berry petitions for review of the Administrative Judge's (AJ) initial decision, Docket No. DC0752910607-A-1, which became the final decision of the Merit Systems Protection Board (MSPB or board) when the full board denied review on July 15, 1992. The AJ denied Berry's motion for attorneys fees arising from Berry v. United States Postal Service, MSPB Docket No. DC0752910147 (Nov. 8, 1991) because she "failed to show that she was a prevailing party." We reverse and remand.CCDISCUSSION
 
 I.
 
 2
 The United States Postal Service (agency) placed Berry on administrative leave on September 11, 1990 because of an incident on September 6, 1990 which caused the agency to believe that retaining Berry in a duty station might be dangerous. Pursuant to agency scheduled fitness for duty examinations, two appointed physicians, after conducting psychiatric evaluations on September 24, and 25, 1990, concluded that Berry was unfit for duty as a postal inspector. An agency doctor thereafter concurred in this conclusion. Based on these evaluations, Berry was given notice on February 20, 1991 of "proposed placement on enforced leave." Berry's attending psychiatrist in a letter dated April 8, 1991, advised the agency that "Ms. Berry is capable of resuming her full postal inspection duties." Nonetheless, the agency issued its final decision placing Berry on enforced sick leave effective May 13, 1991. Berry appealed to the board seeking a decision retroactively revoking the enforced sick leave and restoring all annual and sick leave used during the enforced leave.
 
 
 3
 On September 27, 1991, the last business day before the scheduled board hearing, the agency granted Berry the relief she sought in her MSPB proceeding including rescission of the enforced leave retroactive to May 13, 1991 and restoration of her annual and sick leave and other benefits. Then the AJ dismissed the appeal for lack of jurisdiction based on the agency's rescission of the adverse action.
 
 
 4
 After the agency's proposed decision to place her on enforced sick leave but before that decision was made final, Berry filed a claim with the Office of Workers Compensation Program (OWCP) on March 22, 1991 in which she stated that she had suffered a recurrence on September 6, 1990 of her prior mental disability that first occurred in 1988. As previously noted, Berry's attending physician shortly thereafter concluded that she was "capable of resuming her full postal inspection duties." Later, on September 18, 1991, OWCP's consulting physician, Dr. Allen, concluded in his report to OWCP that "Ms. Berry can return to work in her position as postal inspector" and that she "is not psychiatrically disabled." The OWCP issued its decision on October 22, 1991, recognizing that Berry had suffered a recurrence of her prior mental disability and was entitled to reimbursement of the costs of treatment and medicine, and that she could file a claim for periods of lost time from work. The decision also concluded that Berry could return to the postal inspector job based on the report it received from the consulting physician, Dr. Allen.
 
 
 5
 Berry filed a timely application for attorney fees incurred in connection with her MSPB appeal. On March 27, 1992, the AJ denied Berry's claim for attorneys fees on the ground that she was not the "prevailing party" as that term is used in 5 U.S.C. Sec. 7701(g)(1) (1988). This decision became the final decision of the board when it denied review on July 15, 1992, and this appeal followed.
 
 II.
 
 6
 A decision of the board must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without proper procedures; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c); Yorkshire v. Merit Sys. Protection Bd., 746 F.2d 1454, 1458 (Fed.Cir.1984).
 
 Pursuant to 5 U.S.C. Sec. 7701(g)(1)
 
 7
 the Board ... may require payment by the agency involved of reasonable attorney fees incurred by an employee ... if the employee ... is the prevailing party and the Board ... determines that payment by the agency is warranted in the interest of justice.
 
 
 8
 A petitioner is a "prevailing party for fee purposes if he obtained all or a significant part of the relief he sought from the MSPB, and if that relief was causally related to the initiation of the proceeding before the MSPB." Cuthbertson v. Merit Sys. Protection Bd., 784 F.2d 370, 372 (Fed.Cir.1986). Further, according to Cuthbertson,
 
 
 9
 if the relief achieved is significantly due to the initiation of the MSPB proceeding, the "prevailing party" provisions of 5 U.S.C. Sec. 7701(g)(1) ... become applicable. Otherwise, an agency could grant all the relief requested, shortly before the MSPB decision had been promulgated, simply to avoid having to pay attorney fees if the MSPB proceeding went to final decision.
 
 
 10
 Id. at 373.
 
 
 11
 The agency argues that it restored Berry's sick leave on September 27, 1991 "because it had just received" Dr. McFarland's September 1990 report concluding that Berry should be placed on disability. With this report, "which made all examining physicians in agreement that Ms. Berry was unfit for duty," the agency "believed that Ms. Berry's OWCP claim would be granted" and that "the MSPB case would become moot." From this, the agency asserted that the agency's action "was based upon the OWCP proceedings."
 
 
 12
 The AJ determined that the relief afforded Berry was not "causally related" to the initiation and prosecution of the MSPB proceeding. Instead, the AJ concluded that Berry's relief was causally related to the OWCP claim. We are not convinced that McFarland's September 1990 report and the consequent belief by the government that the OWCP claim would be allowed should defeat Berry's claim to attorney's fees. This report does not differ from the determination made by two agency-appointed doctors and confirmed by a third agency doctor. Clearly the agency's position would have been no different if it had had this report at the time it placed Berry on enforced leave. Furthermore, we fail to see that the probable grant of Berry's compensation claim would necessarily render moot Berry's MSPB appeal as urged by the agency. Berry's claim for compensation to the OWCP for her disability could not afford her all the relief she sought in the MSPB proceeding.
 
 
 13
 In her appeal to the MSPB, Berry sought revocation of enforced leave and restoration of sick and annual leave. The OWCP claim was for disability compensation and reimbursement for treatments and medicine. On the last business day before the scheduled MSPB hearing, the agency restored Berry's leave. One month later, Berry's entitlement to reimbursement and compensation was approved by OWCP, and she then became entitled to "file a claim for all periods of lost time from work [due to her disability.]" The OWCP did not give Berry what she prayed for from the MSPB. Thus, while the agency's rescission of the adverse action may have been influenced by the agency's perception as to what the ultimate outcome of the OWCP proceeding would be, the OWCP decision could not be the basis for the agency's concessions. Moreover, although the agency thought OWCP would decide favorably to Berry, this decision was not forthcoming until more than a month after the agency granted Berry the relief she sought in the MSPB proceeding. Because only the MSPB could grant Berry what she ultimately received by the agency's concession, we are convinced that the MSPB proceeding must be viewed as causally related to Berry's success in obtaining rescission of the adverse action.
 
 
 14
 Accordingly, we hold that Berry was a prevailing party for purposes of 5 U.S.C. Sec. 7701(g)(1). The decision of the board is, therefore, reversed and the case remanded to determine whether payment of attorney fees by the agency is warranted in the interest of justice and, if so, whether the requested fees are reasonable. See 5 U.S.C. Sec. 7701(g)(1); Sterner v. Department of the Army, 711 F.2d 1563, 1565-1566 (Fed.Cir.1983).