19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel G. UBOGY, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 93-3379.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1994.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Samuel Ubogy petitions for review of a decision of the Merit Systems Protection Board (MSPB or Board), Docket No. DA0752900474-A-1, which declined to review an Administrative Judge (AJ)'s initial decision denying Mr. Ubogy's motion for attorney's fees, thus rendering that decision final for purposes of judicial review. We affirm.
 
 
 2
 * Samuel Ubogy was removed from his position as a Warehouse Worker, WG-5, in the commissary at Fort Sam Houston on June 29, 1990, after being caught for the second time stealing snack food. The MSPB sustained the charges, but mitigated the penalty from removal to a sixty-day suspension on the grounds that the agency failed to take account of the de minimis value of the items, a consideration mandated by post regulations. Mr. Ubogy then moved for attorney's fees as the "prevailing party" under 5 U.S.C. Sec. 7701(g)(1) (1988). The MSPB denied his motion, and Mr. Ubogy appealed here.
 
 II
 
 3
 Congress has given this court a limited role in reviewing agency action in appeals from the MSPB. We may upset only those
 
 
 4
 agency action[s], findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.
 
 
 5
 5 U.S.C. Sec. 7703(c) (1988). The award of attorney's fees is a fact-specific, equitable determination committed to the sound discretion of the Board, whose decision will not be disturbed absent a clear abuse of that discretion--for example, if its decision is premised on factual findings unsupported by substantial evidence or on a material misstatement of the applicable law. See, e.g., Yorkshire v. Merit Sys. Protection Bd., 746 F.2d 1454, 1458-59 (Fed.Cir.1984); see also 5 U.S.C. Sec. 7701(g)(1) (Board "may" award fees if "warranted in the interest of justice").
 
 
 6
 The MSPB set forth the test governing fee awards under Sec. 7701(g)(1) in Allen v. United States Postal Service, 2 M.S.P.R. 420, 434-35 (1980). The award of a reasonable attorney's fee to a prevailing party is warranted in the interest of justice if: (1) the agency engaged in a prohibited personnel practice; (2) the agency's action was clearly without merit or the employee is substantially innocent of the charges; (3) the agency initiated the adverse action in bad faith; (4) the agency committed a gross procedural error that seriously prolonged the proceedings or severely prejudiced the employee; or (5) the agency knew or should have known that its action would not be sustained by the MSPB. Since the AJ correctly stated this rule and the material facts are undisputed, the only abuse of discretion here could be in the AJ's application of the law to those facts.
 
 III
 
 7
 With respect to the fifth criterion of the Allen test, the agency here cannot reasonably be expected to have known that its decision to remove rather than suspend Mr. Ubogy would not be sustained, since the AJ herself thought it was a "close case" on the mitigation issue and thus could have gone either way without abusing her discretion. This was not Mr. Ubogy's first offense. He had been suspended twice before--once for stealing a bag of M & Ms and once for being absent without official leave. Moreover, the AJ found that Mr. Ubogy exhibited no sense of compunction for his transgression. For essentially the same reasons, the agency's action cannot be considered to be "clearly" without merit under Allen 's second criterion.
 
 
 8
 Nor can the agency's failure to take account of the de minimis value of the items, as mandated by its own regulations, be considered a gross or severely prejudicial procedural error under the fourth criterion. That error went only to the severity of the penalty and not to Mr. Ubogy's factual guilt or legal liability. Mr. Ubogy does not claim to have suffered a lengthier separation than otherwise would have been the case. Nor does he contend that he would not have taken an appeal had he been suspended rather than removed, so we cannot say that the error prolonged the proceedings.
 
 
 9
 As for the first criterion, it is not implicated on the facts of this case, because the failure to follow the regulation here was a procedural error, not a prohibited personnel practice. Finally, Mr. Ubogy alleged no bad faith on the part of the relevant agency actors that might justify a fee award under the third criterion.
 
 
 10
 Because the AJ's application of the law to the facts is not incorrect, this court cannot characterize her decision as a clear abuse of discretion. The decision of the MSPB is, therefore, affirmed.