**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILSON WONG,
              Appellant,

              v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
SF-0752-17-0382-A-1

DATE: August 23, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Laura L. Nagel</u>, Esquire, Washington, D.C., for the appellant.

<u>Yvette Banker</u>, Esquire, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied the appellant's motion for attorney fees. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the addendum initial decision, and REMAND this appeal for issuance of a new addendum initial decision consistent with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant was employed by the agency as an Investigator in the agency's Retail Investigations Branch, which is a position that requires nationwide travel. *Wong v. Department of Agriculture*, MSPB Docket No. SF-0752-17-0382-I-1 Initial Appeal File (IAF), Tab 13 at 12, 60, 64. On June 9, 2016, while the appellant was on a performance improvement plan, he submitted to the agency a letter from his physician dated June 7, 2016, explaining that it would be "detrimental" to the appellant's health for him to be assigned a job away from where he resides and that a restriction on work outside of the region should "be in place for the next 12 months." *Id*. at 74-75. Thereafter, on March 22, 2017, the agency removed him from his position for medical inability to perform. *Id*. at 12-17, 55-58.

¶3     The appellant timely filed a Board appeal claiming that the agency had wrongfully removed him and raising affirmative defenses of, among other things, disability discrimination and whistleblower retaliation. IAF, Tab 1, Tab 19 at 13-14. During the course of litigation, the appellant submitted a new, second note from his physician, dated May 26, 2017, stating that, in light of the appellant's "improvement and progress," he was "releasing or voiding" the medical restriction on travel, and confirming that the appellant is able to "perform the full duties and all aspects of his job." IAF, Tab 11 at 5.

¶4     After holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the agency proved by preponderant evidence that the appellant was medically unable to perform the essential functions of his position at the time of his removal, and that the appellant failed to prove his affirmative defenses. IAF, Tab 32, Initial Decision (ID) at 6-22. However, she found that the penalty of removal was not reasonable because the appellant's medical restriction on travel was to end 2½ months after his removal, and there was nothing in the record to suggest that the restriction was placing an undue strain on the agency such that it could not wait the remaining time until the

restriction expired to determine whether the appellant could resume his normal duties. ID at 23-24. Accordingly, she reversed the removal action. ID at 25. That decision became the final decision of the Board on the merits on December 27, 2017, after neither party filed a petition for review.

¶5 Thereafter, on February 22, 2018, the appellant filed a timely motion for attorney fees, initially seeking $51,631.30 in attorney fees. *Wong v. Department of Agriculture*, MSPB Docket No. SF-0752-17-0382-A-1, Attorney Fees File (AFF), Tab 1 at 4, 15-19. Subsequently, he supplemented the attorney fees petition to include additional fees of $301.00 incurred in preparing the response to the Acknowledgment Order and $1,986.60 incurred for reviewing the agency's Objection to Attorney's Fees, researching the cases cited, preparing a response, preparing this second supplemental declaration, and filing these documents. AFF, Tabs 3, 5. Thus, the total fees sought were $53,918.90. AFF, Tab 5.

¶6 In an addendum initial decision, the administrative judge denied the motion, finding that, although the appellant was the prevailing party, an attorney-client relationship existed between the appellant and his counsel, and he incurred fees in connection with his appeal, fees were not warranted in the interest of justice. AFF, Tab 6, Addendum Initial Decision (AID) at 3-9.[2] In so finding, she concluded that the agency did not mislead the appellant, did not fail to put him on notice of the kind of evidence that he needed to prevail, and that the reversal of his removal was not based on evidence that was readily available to the agency before the hearing. AID at 8. Relying on the appellant's physician's medical note from May 26, 2017, she found that reversal of the action was based on medical evidence presented by the appellant before the Board. AID at 8.

¶7 In his petition for review, the appellant contends that fees are warranted in the interest of justice because, based on the June 7, 2016 letter he submitted to the

---

[2] The administrative judge did not mention the appellant's second supplemental motion for fees in the AID, and thus, based on the appellant's initial fee motion and first supplemental motion, she erroneously stated that the appellant sought $51,631.30 plus $301.00 in fees. AID at 2.

agency prior to his removal, the agency knew or should have known at the time of the removal that there was a foreseeable end to his inability to perform his duties. Petition for Review (PFR) File, Tab 1 at 7-9. In the alternative, he argues that fees are warranted in the interest of justice from the time that the agency knew that the appellant could resume his duties based on medical evidence submitted while the appeal was pending before the administrative judge. *Id*. at 9-10. The agency has responded in opposition. PFR File, Tab 3.

## ANALYSIS

¶8 An appellant bears the burden of establishing his entitlement to an award of attorney fees. *Parker v. Office of Personnel Management*, 75 M.S.P.R. 688, 691 (1997). To establish entitlement to an award of attorney fees, an appellant must show that: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) that the amount of fees claimed is reasonable. *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 13 (2010).

¶9 We agree with the administrative judge that the appellant established that he was the prevailing party, that an attorney-client relationship existed between the appellant and his counsel, and that he incurred fees in connection with his appeal. AID at 4-5. However, as explained below, we find that she erred in finding that fees are not warranted in the interest of justice.

An award of attorney fees is warranted in the interest of justice because the agency knew or should have known it would not prevail on the merits of the action at the time it removed the appellant.

¶10 An award of attorney fees is warranted in the interest of justice under 5 U.S.C. § 7701(g): (1) when the agency engaged in a "prohibited personnel practice"; (2) when the agency's action was "clearly without merit," or was "wholly unfounded," or the employee is "substantially innocent" of the charges; (3) when the agency initiated the action against the employee in "bad faith"; (4) when the agency committed a "gross procedural error" that "prolonged the

proceeding" or "severely prejudiced" the employee; or (5) when the agency "knew or should have known that it would not prevail on the merits" when it brought the action. *Coffman v. Office of Special Counsel*, 2022 MSPB 18, ¶ 10; *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980).

¶11    In the addendum initial decision, the administrative judge determined that categories 1, 3, and 4 were not applicable, and she considered only categories 2 and 5. AID at 4. In considering category 5, whether the agency knew or should have known it would not prevail on the merits when it brought the action, she stated that there was "credible, probative evidence supporting the agency's charge against the appellant" and that it was "only after the appellant filed his appeal with the Board that he provided new medical evidence which removed the medical restriction" on travel. AID at 5. Therefore, she found in the addendum initial decision that the agency's action was "meritorious at the time it was taken." AID at 5. Thus, she found that attorney fees were not warranted in the interest of justice under this category. *Id*.

¶12    We disagree. In considering whether attorney fees are warranted in the interest of justice, an administrative judge's findings from the initial decision on the merits—not a subsequent characterization and interpretation of them—control the analysis. *Yow v. Department of the Treasury*, 28 M.S.P.R. 411, 413 (1985); *see Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1458 (Fed. Cir. 1984); *Capeless v. Department of Veterans Affairs*, 78 M.S.P.R. 619, 622-23 (1998); *Akin v. Department of the Army*, 27 M.S.P.R. 61, 63 n.4 (1985). In the initial decision on the merits, the administrative judge found that, at the time the agency made the decision to remove the appellant, it knew that the appellant's medical restriction on travel was set to expire in 2½ months, and it had no evidence at that time that the appellant would be unable to resume his full range of duties at the end of the 12-month period described in the June 7, 2016 medical note. ID at 22-23. Additionally, she observed that the appellant had never been under a travel restriction before. *Id*. Moreover, in the merits initial decision, the

administrative judge acknowledged the appellant's subsequent medical documentation submitted for the first time on appeal, which included the appellant's physician's May 26, 2017 letter, but she explicitly made "no findings as to the sufficiency of medical evidence concerning [the appellant's] ability to perform his duties subsequent to his removal."[3]  ID at 10 n.5.  Thus, her reliance on the impending expiration of the 12-month limitation on the appellant's travel, as set forth in the June 7, 2016 letter, as grounds for reversal of the removal action is clear on its face.  We are bound by that determination in our assessment of whether attorney fees are warranted in the interest of justice.  *See Yow*, 28 M.S.P.R. at 413; *see also Yorkshire*, 746 F.2d at 1458; *Capeless*, 78 M.S.P.R. at 622-23; *Akin*, 27 M.S.P.R. at 63 n.4.

¶13        In *Lambert v. Department of the Air Force*, 34 M.S.P.R. 501, 506-07 (1987), the Board explained that an agency's penalty selection is part of the merits of the case and found that fees are warranted in the interest of justice under *Allen* category 5 (knew or should have known) when the Board's decision to mitigate the penalty is based on information or evidence that was presented to the agency at the time it made its decision to remove an employee.  *See Miller v. Department of the Army*, 106 M.S.P.R. 547, ¶ 11 (2007).  Based on the

---

[3] In the addendum initial decision, the administrative judge considered the appellant's physician's testimony at the hearing on the removal that, depending on the appellant's condition, the travel restriction could have been extended and that there was a possibility that the appellant could have relapsed.  AID at 8 n.2.  She relied on this testimony to reject the appellant's argument that the agency knew or should have known at the time it removed the appellant that it would not prevail on the merits of the action.  *Id*.  Although the administrative judge considered this testimony in the initial decision on the merits, it was to highlight the potential flexibility of the restriction, explaining that it also could have ended earlier than 12 months if medically appropriate, to further support her finding that the agency had no evidence at the time of the appellant's removal that he would be unable to perform the duties of his position following the expiration of the medical restriction.  ID at 23.  We do not believe that this testimony conflicts with the finding in the merits initial decision concerning what evidence the agency had at the time of the appellant's removal regarding the timeframe of the medical restrictions, nor does it undermine our finding that the agency knew or should have known at the time of the removal action that it would not prevail on the merits of the action.

foregoing, we find that the agency had the information on which the administrative judge based her mitigation of the penalty at the time it made its decision to remove the appellant, and therefore, we conclude that the agency knew or should have known at the time it took the removal action that it would not prevail on the merits of the action. Accordingly, we find that attorney fees are warranted in the interest of justice under *Allen* category 5.[4] *See id.*; *see also Capeless*, 78 M.S.P.R. at 624-25; *Matthews v. U.S. Postal Service*, 78 M.S.P.R. 523, 525 (1998); *Lambert,* 34 M.S.P.R. at 506-07; *Allen*, 2 M.S.P.R. at 434-35.[5] Because it found otherwise, we vacate the addendum initial decision.

<u>We remand this matter for a determination on the reasonableness of the amount of fees requested.</u>

¶14     The issue of the reasonableness of the amount of the requested attorney fees remains to be determined. Generally, the administrative judge who decided an

---

[4] We acknowledge that penalty mitigation alone does not create a presumption in favor of satisfaction of any of the *Allen* categories. *See Dunn v. Department of Veterans Affairs*, 98 F.3d 1308, 1313 (Fed. Cir. 1996) (agreeing with the Board's rejection of a per se rule in favor of fees in cases when the charges are sustained but the penalty is mitigated and explaining that no presumption exists that fees are warranted in such cases). Here, however, as noted above, the penalty of removal was not mitigated; it was reversed. Further, the only evidence in the agency's possession at the time it removed the appellant indicated that his medical limitation on travel was going to expire in 2½ months. As noted by the administrative judge in the initial decision on the merits, the agency "failed to proffer any evidence that might have reasonably led it to believe that the appellant was not going to be able to resume his duties at the end of the one-year restriction." ID at 23. She further observed that there was no evidence that the agency asked the appellant to provide any updated medical information prior to his removal or any evidence that waiting several more months to determine whether he was able to return to his full range of duties would have placed a "sufficient burden" on the agency. *Id*. Therefore, although there is no per se rule that attorney fees are warranted in the interest of justice when the penalty has been mitigated, for the reasons stated above we find that the interest of justice standard has been satisfied here.

[5] Because the initial decision on the merits did not reverse the action based on evidence that was first presented after the action was appealed to the Board, the consideration of whether the removal action was "clearly without merit" as contemplated in the second *Allen* category is not relevant here, and we decline to consider it further. *See Yorkshire*, 746 F.2d at 1457 (explaining that the standard in *Allen* category 2 "refers to the result of the case before the Board, not to the evidence and information available prior to the hearing).

appeal on the merits is in the best position to evaluate the documentation submitted by counsel to determine whether the amount of the fees requested is reasonable and to evaluate the quality of the representation afforded by counsel. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 19 (2015); *Thomas v. U.S. Postal Service*, 77 M.S.P.R. 502, 507-08 (1998). Accordingly, we remand this petition for attorney fees for issuance of a new addendum initial decision addressing the reasonableness of the attorney fees requested by the appellant.[6]

## ORDER

¶15   We remand this matter to the Western Regional Office for further adjudication of the appellant's petition for attorney fees consistent with this Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[6] Generally, when an appellant fails to prevail on any or all of the charges but prevails in penalty mitigation, the Board finds that he obtained only "partial or limited" relief. *See Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 28 (2011). In that situation, the Board may find that a downward adjustment of the fees requested is appropriate. *Id.*, ¶¶ 27-29. Under the unusual circumstances present here, however, the penalty and merits issues are intertwined. The outcome arrived at by the administrative judge— reversal of the removal action—is the same result that the appellant would have obtained had he prevailed on the merits of the charge. Accordingly, we find that the fee request should not be reduced as a consequence of the removal being reversed due to mitigation of the penalty rather than because the charge was not sustained.