**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GOEKE AND BOTTINI,

       Appellants,

     v.

DEPARTMENT OF JUSTICE,

       Agency.

DOCKET NUMBER
CB-0752-15-0228-A-1[1]

DATE: August 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Bonnie Brownell, Esquire, Donald R. DePriest, Esquire, and Christopher
    Landrigan, Esquire, Washington, D.C., for appellant Goeke.

Kenneth L. Wainstein, Esquire, and David J. Leviss, Esquire, Washington,
    D.C., for appellant Bottini.

Robin M. Fields, Esquire, Charles M. Kersten, Evan Harry Perlman, and
    Joanne Fine, Washington, D.C., for the agency.

---

[1] This matter is a consolidation of two attorney fees cases, *James A. Goeke v. Department of Justice*, MSPB Docket No. SF-0752-12-0598-A-1, and *Joseph W. Bottini v. Department of Justice*, MSPB Docket No. SF-0752-12-0600-A-1. The administrative judge consolidated the underlying matters, MSPB Docket No. SF-0752-12-0598-I-1 and MSPB Docket No. SF-0752-12-0600-I-1, for adjudication, but adjudicated the attorney fees cases separately. Nonetheless, because the issues on review in the attorney fees matters are substantially identical, we have consolidated the cases under the docket number indicated above. 5 C.F.R. § 1201.36(a).

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The agency has filed petitions for review of the initial decisions which awarded the appellants attorney fees and costs in the amount of $384,565.04 to appellant Goeke, *Goeke v. Department of Justice*, MSPB Docket No. SF-0752-12-0598-A-1, Goeke Attorney Fee Initial Decision (Goeke AFID) at 8 (July 17, 2015), and $224,873.27 to appellant Bottini, *Bottini v. Department of Justice*, MSPB Docket No. SF-0752-12-0600-A-1, Bottini Attorney Fee Initial Decision (Bottini AFID) at 8 (July 17, 2015). Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review. Except as MODIFIED to award appellant Bottini additional requested fees and costs of $33,988.33, we AFFIRM the initial decisions.

**BACKGROUND**

¶2      In 2008, the appellants, Assistant United States Attorneys, participated in the 2008 Federal prosecution of a then-United States Senator for failing to report gifts and liabilities on his financial disclosure statements.  After he was convicted, the Government moved to vacate the conviction because its prosecution team had failed to disclose certain information to which the defense was constitutionally entitled.  The agency issued final decisions to suspend appellant Goeke for 15 days, and appellant Bottini for 40 days, for professional misconduct.  The appellants appealed those decisions.  After a hearing, the administrative judge issued an initial decision reversing both actions based on harmful procedural error.  *Goeke and Bottini v. Department of Justice*, MSPB Docket No. SF-0752-12-0598-I-1, Initial Decision (ID) at 2, 22 (Apr. 5, 2013). He found that the agency erred by designating the Professional Misconduct Review Unit (PMRU) Chief as the proposing official in the suspension actions because the agency's disciplinary process required a PMRU attorney to serve in that role, ID at 7-9, and that the error was harmful because, had the original proposing official not been replaced by the PMRU Chief, the appellants likely would have received a lesser level of discipline, ID at 16.

¶3      The agency filed petitions for review in both cases, arguing that the administrative judge erred in concluding that the agency's disciplinary process did not permit the PMRU Chief to serve as the proposing official.  The full Board affirmed the initial decision as modified, agreeing with the administrative judge that the agency committed harmful procedural error when it appointed a member of management, rather than a rank-and-file attorney, to serve as the proposing official.  *Goeke and Bottini v. Department of Justice*, 122 M.S.P.R. 69, ¶ 22 (2015).  The Board further found that the agency committed a second procedural error when it replaced the originally designated proposing official after he authored a memorandum explaining why he believed that findings of reckless professional misconduct were not supported by preponderant evidence, and that

that error also was harmful because, had the PMRU process been properly followed, the PMRU attorney likely would have proposed some level of discipline less than that imposed by the PMRU Chief, or no discipline at all. *Id.*, ¶¶ 14-20.

¶4     Both appellants then filed motions for attorney fees for legal work performed beginning in 2012. *Goeke v. Department of Justice*, MSPB Docket No. SF-0752-12-0598-A-1, Attorney Fee File (Goeke AFF), Tab 1; *Bottini v. Department of Justice*, MSPB Docket No. SF-0752-12-0600-A-1, Attorney Fee File (Bottini AFF), Tab 1. Appellant Goeke sought fees and costs in the amount of $390,292.88,[3] Goeke AFF, Tab 1, and appellant Bottini sought fees and costs in the amount of $236,012.31 for services provided by two different law firms, Bottini AFF, Tab 1.

¶5     The administrative judge found in both cases that the appellants were prevailing parties, and that they incurred attorney fees. Goeke AFF, Tab 13, Goeke AFID at 3; Bottini AFF, Tab 11; Bottini AFID at 3. The administrative judge further found that an award of fees was warranted in the interest of justice because the agency's decision to suspend the appellants without following the proper procedures for doing so was clearly without merit and because the agency should have known that it would not prevail before the Board. Goeke AFID at 4-5; Bottini AFID at 4-5. In considering the reasonableness of the fees requested in appellant Goeke's case, the administrative judge found that the hourly rates sought for lead counsel, associates, and paralegals were equal to or less than their standard billing rates and consistent with what they have received in comparable cases, that the agency did not specifically challenge the rates, and that, upon the administrative judge's review, they were reasonable. Goeke AFID at 5. The administrative judge further found that the nearly 1200 hours for which appellant Goeke sought reimbursement was reasonable under the circumstances, Goeke AFID at 5-6, and that he was entitled to the full amount of fees sought, Goeke

---

[3] That amount includes $7,080 for time spent by appellant Goeke's counsel in responding to the agency's response to his fee petition. Goeke AFF, Tab 10 at 17 n.6.

AFID at 6-7. As such, the administrative judge awarded appellant Goeke $384,565.04.[4] In considering the reasonableness of the fees requested in appellant Bottini's case, the administrative judge found that the hourly rate sought for counsel was the rate to which counsel agreed with appellant Bottini's professional liability insurance carrier, that it was far less than their standard billing rate, that the agency did not object to it, and that it was reasonable. Bottini AFID at 5. The administrative judge found, however, that the prevailing rate for paralegal work was $145 per hour for the period at issue, that neither party objected to his decision to reduce the paralegal rate sought to $145 per hour, and that it was reasonable. Bottini AFID at 5-6. The administrative judge further found that the 777.56 hours, including 70.2 hours of paralegal work, for which appellant Bottini sought reimbursement was reasonable under the circumstances, as was the amount sought for costs. Bottini AFID at 6-7. Accordingly, the administrative judge awarded appellant Bottini $224,873.27.

¶6    The agency has filed petitions for review in both attorney fee matters. Goeke Petition for Review (PFR) File, Tab 3; Bottini Petition for Review (PFR) File, Tab 3. The agency acknowledges that the sole issue before the Board is whether fees are warranted in the interest of justice. Goeke PFR File, Tab 3 at 8; Bottini PFR File, Tab 3 at 8. The appellants have responded, Goeke PFR File, Tab 7; Bottini PFR File, Tab 7, and the agency has replied to those responses,[5] Goeke PFR File, Tab 10; Bottini PFR File, Tab 10.

---

[4] During processing, appellant Goeke withdrew his request for $5,727.84, representing costs for depositions and transcripts, Goeke AFF, Tab 12, after the administrative judge advised him that such costs were not reimbursable and would be disallowed, *id.*, Tab 11.

[5] Appellant Goeke has objected to the agency's reply to his response to its petition for review on the grounds that, by his count of the number of words, the reply exceeds the length limitations set forth in the Board's regulations. Goeke PFR File, Tab 11. We have nonetheless considered the entirety of the agency's reply.

## ANALYSIS

<u>Fees are warranted in the interest of justice under *Allen* category 5 because the agency knew or should have known that it would not prevail on the merits and under category 2 because the agency actions were clearly without merit.</u>

¶7        An attorney fee award by the Board may be warranted in the interest of justice when, e.g.:  (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits.  *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980).  For category 5, the Board must carefully evaluate the agency's original action to determine whether it "knew or should have known" that it would not prevail on the appeal.  "If the agency never possessed trustworthy, admissible evidence, or if the agency was negligent in its conduct of the investigation, then the agency 'knew or should have known' not to take the action."  *Yorkshire v. Merit Systems Protection Board*, 746 F.2d 1454, 1457 (Fed. Cir. 1984).  On the other hand, category 2, "clearly without merit," refers to the results of the case before the Board, rather than the evidence and information available prior to the hearing.  *Id.*  Our reviewing court has noted that, "[a]s a practical matter, if the agency possesses no credible evidence prior to the hearing before the Board (category 5), the result of the case will usually be in favor of the employee (category 2)," and that, therefore, category 5 can merge into category 2.  *Id.* at 1457 n.5.

¶8        Finding that the two categories overlap, the administrative judge deemed it appropriate to consider them together.  Goeke AFID at 3; Bottini AFID at 3.  He relied on the Board's finding that the agency committed two errors in designating the proposing official, either of which alone would have required reversal of the actions.        Goeke AFID at 4; Bottini AFID at 4; *Goeke and Bottini*, 122 M.S.P.R. 69, ¶ 6.    The administrative judge found that the errors were apparent from information the agency had before it at the time of its actions,

specifically, the language of its disciplinary policy, which he found unambiguous, and well-settled precedent from the U.S. Court of Appeals for the Federal Cricuit prohibiting an agency from replacing a proposing official after he had made a decision about the level of discipline that is warranted. The administrative judge further found that, when the agency switched proposing officials, it was aware of the legal risks involved, and finally, that the agency's arguments defending its position were weak such that it should have been apparent that the agency was unlikely to succeed before the Board. Goeke AFID at 4; Bottini AFID at 4.

¶9 On review, the agency first argues that the administrative judge erred by conflating the appellant's prevailing party status with a determination of whether the payment of attorney fees is warranted in the interest of justice. Goeke PFR File, Tab 3 at 11-12; Bottini PFR File, Tab 3 at 12. On the contrary, the administrative judge first found that the appellants were prevailing parties because their suspensions were reversed by enforceable orders that changed the legal relationship between the parties, Goeke AFID at 3; Bottini AFID at 3; *see Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 10 (2010), and he then undertook a separate analysis to determine whether fees were warranted in the interest of justice, finding that they were, based on two of the five *Allen* categories, Goeke AFID at 3-5; Bottini AFID at 3-5. We find, therefore, that the administrative judge did not improperly conflate the prevailing party and interest of justice issues.

¶10 The agency also argues on review that the administrative judge erred in concluding that fees are warranted in the interest of justice based on the Board's finding of harmful procedural error. The agency points out that, to establish fees as warranted in the interest of justice, an appellant must show that the error or errors constituted gross procedural error, a higher standard than harmful error, and a separate *Allen* category (category 4). Goeke PFR File, Tab 3 at 13-14; Bottini PFR File, Tab 3 at 13-15; *see McIver v. Department of the Interior*, 52 M.S.P.R. 644, 649 (1992). The agency misreads the attorney fees initial

decisions. The administrative judge considered harmful procedural error because that was the basis for his, and the Board's, reversal of the appellants' suspensions. In awarding fees, however, he did not make any findings as to whether the agency committed gross procedural error. Goeke AFID at 5; Bottini AFID at 4. Nor was he required to do so since he found that attorney fees are warranted under *Allen* categories 2 and 5, and, if fees are warranted in the interest of justice under one *Allen* category, then the Board need not address whether fees are warranted in the interest of justice under any of the other *Allen* categories. *Payne v. U.S. Postal Service*, 79 M.S.P.R. 71, 72 n.* (1998).

¶11    In challenging the administrative judge's finding that fees are warranted in the interest of justice under the "clearly without merit" *Allen* category, the agency argues on review that he failed to undertake a proper analysis, which includes an examination, inter alia, of two factors, the degree of fault on the employee's part and the existence of any reasonable basis for the agency's action. Goeke PFR, Tab 3 at 15-20; Bottini PFR, Tab 3 at 15-21; *Griffith v. Department of Agriculture*, 96 M.S.P.R. 251, ¶ 14 (2004). Because the administrative judge decided this case on the grounds of harmful procedural error, he did not reach the merits of the charges against the appellants. ID at 2. Neither did the Board, although it did reference the appellants' "reckless behavior" that "publicly compromised the justice system with the consequence of interfering with the electoral process." *Goeke and Bottini*, 122 M.S.P.R. 69, ¶ 23. To the extent that the Board's language may be considered a reflection on the appellants' degree of fault, we find that it is outweighed by the second factor, the existence of any reasonable basis for the agency's action. Here, the basis for the actions must be considered in the context of the means by which the agency effectuated those actions. In that regard, the Board found that the agency committed not one but two significant errors, both of which were harmful to the appellants, and that either error, standing alone, would have justified reversing the actions. *Id.*, ¶ 6. Moreover, as noted, the "clearly without merit" category refers to the results of

the case before the Board, *Yorkshire*, 746 F.2d at 1457, and, in the initial decision as affirmed by the Board, the appellants received fully favorable results in that their suspensions were reversed.[6] We therefore agree with the administrative judge that the agency's actions in these cases were clearly without merit, justifying an award of attorney fees on that basis.

¶12 In challenging the administrative judge's finding that fees are warranted in the interest of justice because the agency should have known that it would not prevail before the Board, the agency argues that the administrative judge drew a number of inappropriate and unreasonable inferences. Goeke PFR File, Tab 3 at 24-28; Bottini PFR File, Tab 3 at 25-30. First, the agency disputes the administrative judge's finding that the procedural errors were apparent from information it had before it at the time of its action, specifically, the language of its disciplinary policy and well-settled Federal Circuit precedent. Goeke PFR File, Tab 3 at 24; Bottini PFR File. Tab 3 at 25. In so arguing, the agency posits that the agency, in good faith, simply interpreted the language in the policy differently than did the administrative judge. However, the administrative judge considered other interpretations as argued by the agency but found no ambiguity in the PMRU procedures requiring a PMRU attorney to be the proposing official. ID at 13, 15. In affirming that decision, the Board upheld the administrative judge's finding that no express provision or any other reasonable reading of the procedures allowed for anyone else besides a PMRU attorney to serve as proposing official. *Goeke and Bottini*, [122 M.S.P.R. 69](#), ¶ 22. The Board does not, in attorney fees proceedings, reconsider the administrative judge's findings, as upheld by the Board in the prior proceeding, *Matthews*, [104 M.S.P.R. 130](#), ¶ 8, and we will not do so here.

---

[6] In so finding, we find unavailing and therefore reject the agency's argument that, in this proceeding, we should reweigh the evidence. Goeke PFR File, Tab 3 at 18; Bottini PFR File, Tab 3 at 19; *see Matthews v. Social Security Administration*, [104 M.S.P.R. 130](#), ¶ 8 (2006).

¶13    The agency also disputes the administrative judge's finding that, when it switched proposing officials, it was aware of the legal risks involved, and it challenges the administrative judge's reliance on the deciding official's acknowledgment at the hearing that "we understood that it wasn't perfectly clear that the procedure we were following was consistent with the law." AFID at 4; Hearing Transcript, September 29, 2012, at 59. The agency points out the deciding official went on to state that "but we thought that it was consistent with the law and that's why we went forward." Goeke PFR File, Tab 3 at 25; Bottini PFR File, Tab 3 at 26; Hearing Transcript, September 29, 2012, at 59. At best, the agency's argument goes to whether the agency knew, at the time it took the actions, that it was unlikely to succeed before the Board. However, the administrative judge found that the agency should have known, based on its unambiguous disciplinary policy and well-established Federal Circuit precedent,[7] that it would not prevail, Goeke AFID at 4, Bottini AFID at 4, and that finding is sufficient to support an award of fees under *Allen* category 5.

## ORDER

¶14    We ORDER the agency to pay attorney fees in the amount of $384,565.04 by check made payable to appellant Goeke's counsel. Payment must be made no

---

[7] The agency does not, in its petitions for review, dispute the administrative judge's, or the Board's, reliance on specific Federal Circuit precedent. *See* ID at 14; *see also Goeke and Bottini*, 122 M.S.P.R. 69, ¶¶ 14-18 citing *Bross v. Department of Commerce*, 389 F.3d 1212, 1218 (Fed. Cir. 2004) (finding that the agency did not commit harmful error when it replaced the original proposing official because he "had not yet reached a decision as to the appropriate penalty" when he was removed from this role); *Boddie v. Department of the Navy*, 827 F.2d 1578, 1579-81 (Fed. Cir. 1987) (explaining that the agency committed harmful error when it did not follow its internal disciplinary procedure, which established that "[d]iscipline of employees is a line management responsibility and should be effected at the lowest practical supervisory level"). Only in its replies to the appellants' responses to its petitions for review at the attorney fees stage does the agency suggest that its understanding of the parameters of what constituted a "final decision" was uncertain under the leading case law. Goeke PFR File, Tab 10 at 5; Bottini PFR File, Tab 10 at 6.

later than 20 calendar days after the date of this decision. *See generally* 5 U.S.C. § 1204(a)(2).

¶15     We ORDER the agency to pay attorney fees in the amount of $258,861.60 to appellant Botttini's counsel:  $226,822.14 to O'Melveny & Myers LLP[8] and $32,039.46 to Cadwalader, Wickersham & Taft LLP.  Payment must be made no later than 20 calendar days after the date of this decision. *See generally* 5 U.S.C. § 1204(a)(2).

¶16     We also ORDER the agency to tell the appellants and their attorneys promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  We ORDER the appellants and their attorneys to provide all necessary information that the agency requests to help it carry out the Board's Order.  The appellants, and their attorneys, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

---

[8] Along with appellant Bottini's response to the agency's petition for review, he submitted a request for a supplemental award of $33,988.33 in attorney fees and costs incurred by O'Melveny and Myers LLP in responding to the agency's petition for review.  Bottini PFR File, Tab 7 at 14-15.  While acknowledging that attorney time spent preparing a response to an agency's petition for review is compensable, *see, e.g.*, *Johnston v. Department of the Treasury*, 104 M.S.P.R. 527, ¶ 3 (2007), the agency requests that the Board deny or significantly reduce the additional fees and costs sought because they concern work that reportedly dates back to 7 months before the agency filed its petition for review and appear to concern substantive work that is unrelated to the issues on appeal in the petition for review.  Bottini PFR File, Tab 10 at 15-18.  In support of its request for a supplemental award, appellant Bottini has submitted a declaration under penalty of perjury by counsel, who clarifies that the supplemental request is for time spent in connection with the motion for fees, the agency's subsequent opposition, and the response to the agency's petition for review.  Bottini PFR File,., Tab 7 at 18.  The billing records submitted support appellant Bottini's position, as they reflect already approved hourly rates for counsel and paralegals, and, based on our review, are not duplicative, padded, or excessive. *Id.* at 21-25.  While counsel might have submitted his request for fees incurred in the preparation of the fee request when he filed the fee request, we see no basis upon which to deny the request on that or any other basis. *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 14 (2010) (recognizing that the computation of a reasonable attorney fees award analyzes two objective variables:  the attorney's customary billing rate; and the number of hours reasonably devoted to the case).  We therefore find it appropriate to, and do, award the fees and costs requested in the supplemental motion.

¶17   No later than 30 days after the agency tells the appellants or their attorneys that it has fully carried out the Board's Order, the appellants or their attorneys may file a petition for enforcement with the office that issued the initial decisions on this appeal, if the appellants or their attorneys believe that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellants or their attorneys believe the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____

                                        Jennifer Everling

                                        Acting Clerk of the Board

Washington, D.C.